IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:25-cr-00056

| UNITED STATES OF AMERICA | ) |
| --- | --- |
|  | ) |
| v. | ) |
|  | ) |
| EUSEBIO FUENTES-SOTO | ) |
|   a.k.a. EUSEBIO SOTO | ) |
|   a.k.a EDGAR PEREZ-BERILLOS | ) |
|   a.k.a. EDGAR PEREZ | ) |

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924, respectfully requests that the Court enter a Preliminary Order of Forfeiture for the Keltec firearm and ammunition seized in this case. In support of this Motion, the Government shows as follows:

## INTRODUCTION

Defendant pled guilty (straight up) to a violation of 18 U.S.C. § 922(g)(5)(A). It necessarily follows that the firearm and ammunition—the possession of which forms the basis for Defendant's count of conviction—are forfeitable. As a consent order for forfeiture was not entered at the plea hearing, the Government now moves for the Court to enter a preliminary order of forfeiture prior to or at sentencing, so that the forfeiture ancillary proceeding to determine any third-party interests and final disposition of the firearm may begin.

## BACKGROUND

On March 18, 2025, a Grand Jury returned a Bill of Indictment against Defendant charging him with one count of possession of a firearm and ammunition by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A). *See* Doc. 1. In the Indictment, the Grand Jury also found probable cause

for forfeiture of the following firearm and ammunition found and seized by investigators on May 26, 2025 (the "Firearm"):

> **One Keltec, CNC Industries, Inc., Model P32, .32 caliber pistol, serial number CRZ90; and**
>
> **Eleven rounds of .32 caliber Aguila ammunition**.

On August 20, 2025, Defendant pled guilty to the 922(g) violation in the Indictment. *See* Docs. 13 and 14. Defendant did not sign a proposed Consent Order and Judgment of Forfeiture at the plea hearing. Accordingly, the Government files the instant motion for entry of a preliminary order of forfeiture.

## ARGUMENT AND AUTHORITIES

Federal Rule of Criminal Procedure 32.2(b)(1) provides for the preliminary forfeiture, pending petitions by third parties of assets in a criminal case. *See United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) ("A criminal forfeiture proceeds in two steps. First, in conjunction with the criminal trial of the defendant, the factfinder determines whether the defendant had an interest in the allegedly forfeitable property that arose from his illegal activities. If so, the district court enters an order of forfeiture with respect to that property at the time of sentencing. In the second stage of proceedings, termed the ancillary proceeding, people other than the defendant may assert their interests in the property.") (citing 18 U.S.C. § 1963(i)); *U.S. v. Lindberg*, 2020 WL 4518881, at *2 (W.D.N.C. Aug. 4, 2020) (explaining criminal forfeiture procedure).

Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). In the case of an assets involved in or intended to facilitate a crime, "nexus" means that there is a substantial connection between the property and the crime. *See United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010) (describing substantial connection test used to determine forfeitability). The Court's finding may be based on

evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). Notably, the burden of proof on forfeiture is a preponderance of the evidence. *See United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

Section 924(d) authorizes the forfeiture of firearms and ammunition involved in violations of criminal laws of the United States. *See* 18 U.S.C. § 924(d)(1) ("Any firearm or ammunition involved in or used in any knowing violation of subsection [922] . . . shall be subject to seizure and forfeiture . . .").

Where, as here, the Defendant has pleaded guilty to a violation of § 922(g), the forfeiture of the Firearm must necessarily follow.[1] *See United States v. Boston*, 2011 WL 4101109, at *1 (E.D.N.Y. Aug. 16, 2011) ("[O]nce the defendant is found in violation of § 922(g) a district court is *required* to order forfeiture of the property pursuant to the procedure outlined in Federal Rule of Criminal Procedure 32.2.") (emphasis in original); *United States v. Cheeseman*, 600 F.3d 270, 279 (3d Cir. 2010) ("Cheeseman's argument that the very firearms that serve as the basis for his underlying conviction are not 'involved in' or 'related to' that conviction strains credulity."); *United States v. Soto*, 915 F.3d 675, 679 (9th Cir. 2019) ("[T]he firearms and ammunition were involved in the crimes of attempting to export ammunition and conspiracy to export firearms and ammunition because, without the firearms and ammunition, there would have been no crime.").

Simply put, if possession of a fireman itself is an element of the offence, then it is axiomatic that the firearm possessed has a nexus (*i.e.* connection) to that count of conviction and is thus forfeitable. As such, Section 924(d) mandates forfeiture of the Firearm in this case.

\* \* \*

---

[1] *See* Doc. 13 (Factual Basis)

In light of Defendant's guilty plea and stipulated Factual Basis, the Court may find, by a preponderance of the evidence, that the Firearm and ammunition are subject to forfeiture, and the Government respectfully requests that the Court enter a Preliminary Order of Forfeiture.

Respectfully submitted this 11th day of September, 2025.

RUSS FERGUSON
UNITED STATES ATTORNEY

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Email: benjamin.bain-creed@usdoj.gov